UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **DAVID WAYNE MANDIGO** | **CIVIL ACTION NO. 07-1352-P** |
| **VERSUS** | **JUDGE WALTER** |
| **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed <u>in forma pauperis</u> by <u>pro se</u> plaintiff David Wayne Mandigo ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on August 10, 2007. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He claims is current incarceration is illegal. He names the Louisiana Department of Public Safety and Corrections as defendant.

Plaintiff was ordered on November 20, 2007, to file, within 30 days of the service of the order, an amended complaint and documentary proof that he has exhausted his state court remedies (Doc. 6). This Court granted Plaintiff an extension until January 31, 2008 to file a response to the Memorandum Order (Doc. 8). This Court denied Plaintiff's

Motion Asking the Court to Postpone Complaint (Doc. 10). To date, Plaintiff has not responded to the Memorandum Order.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1983).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 3rd day of March, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE